BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>OOSHIRTS, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT AND COUNTERFEITING [15 U.S.C. §1114];**<br>**(2) COPYRIGHT INFRINGEMENT [17 U.S.C. §§101 et seq.];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>**(4) FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)];**<br>**(5) COMMON LAW UNFAIR COMPETITION;**<br>**(6) CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br>**(7) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(8) VICARIOUS TRADEMARK INFRINGEMENT;**<br>**(9) VICARIOUS COPYRIGHT INFRINGEMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

1183174.1

COMPLAINT

Plaintiff Atari Interactive, Inc. ("Atari"), as and for its complaint against defendant Ooshirts, Inc. ("Ooshirts"), alleges as follows:

## PARTIES

1. Atari is a Delaware corporation with its principal place of business in New York, New York.

2. Atari is informed and believes, and thereon alleges, that Ooshirts is a California corporation with its principal place of business in Fremont, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act.  *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq*.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. sections 1367 and 1338(b).

4. Venue in this district is proper under 28 U.S.C. section 1391 because Ooshirts is subject to personal jurisdiction here and Atari has suffered injury here.

5. This Court has personal jurisdiction over Ooshirts because, upon information and belief, Ooshirts maintains its principal place of business in California, and specifically within this judicial district.  This Court also has personal jurisdiction over Ooshirts because Ooshirts regularly markets and sells goods, including the goods at issue in this case, to customers in California.

## GENERAL ALLEGATIONS

**A.  Atari Is an Iconic Video Game Brand.**

6. Atari is one of the most famous video game brands in history.  Founded in the early 1970s in California, Atari became *the* pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing (a) home video consoles – e.g., the Atari 2600 – that set new standards in design and function, and (b) a series of hit games – e.g., *Pong*, *Breakout*, *Asteroids*, and many others.

7. Atari became known to relevant consumers and the public at large by its inherently distinctive trade name, as well as its inherently distinctive A-shaped or "Fuji" logo design. The Atari name and logo are depicted immediately below.



8. Atari has continued to market, promote, license, and sell products, including a catalog of more than 200 well-known games, worldwide under the Atari name and logo for over four decades.

9. Video gamers new and old recognize and revere Atari's place as a very well-known and iconic pioneer of the video game industry.

10. Atari has expanded into a multi-platform, global interactive entertainment company, adapting many of its classic games for online platforms such as Facebook, smartphones, and tablets.

11. Atari has developed, promoted, and distributed new interactive entertainment and products, including a new VCS console (modeled off the design of the original 2600 unit) that is currently being promoted and pre-sold on Indiegogo and that has already raised more than $2.5 million in a matter of days.

12. Atari has an active licensing business through which Atari has extended its brand into other media, merchandising, and publishing categories.

13. The Atari name, logo, and classic video games are valuable intellectual property owned by Atari. Atari therefore obtained registrations with the United States Patent and Trademark Office for many of its trademarks and registrations

with the United States Copyright Office for many of its copyrighted works.

      a.    Through commercial use and contractual agreements with its predecessors-in-interest, Atari is the owner of USPTO Registration No. 4,214,210 for the ATARI name and logo used in connection with, among other things, "printed matter, namely posters, stickers" and "articles of clothing"; and Atari is the owner of USPTO Registration No. 4,324,638 for the PONG name used in connection with, among other things "printed matter, namely posters, stickers" and "articles of clothing." Appended hereto as Exhibits 1 and 2 are true and correct copies of the aforementioned trademark registrations.

      b.    Through contractual agreements with its predecessors-in-interest, Atari is the owner of multiple copyright registrations for, among others, the following video games, including the visual elements thereof:  *Pong*, *Missile Command*, *Adventure*, *Breakout*, and *Yars' Revenge*.

      c.    Through extensive and continuous promotion and sales, unsolicited press, and word of mouth, Atari owns common law rights in various trademarks and trade dress, including the *Atari* name and logo, the *Pong*, *Missile Command*, *Adventure*, *Breakout*, and *Yars' Revenge* names and graphics, and the overall look and feel of the Atari 2600 game console and joystick.

**B.**    **Ooshirts Knowingly Infringes Upon Atari's Intellectual Property Rights by Creating, Manufacturing, and Distributing Large Quantities of Counterfeit Atari Clothing and Printed Material.**

14.    Ooshirts runs the website www.teechip.com, which invites visitors to upload designs for printing on a variety of apparel and other merchandise – from t-

1  shirts and sweaters to mugs and posters – which Ooshirts then offers for sale.  If a
2  visitor to the site orders a product, Ooshirts makes, ships, and processes the payment
3  for the product.  Ooshirts then splits the profits with the person who originally
4  uploaded the design.
5        15.   Ooshirts is advertising, marketing, creating, displaying, offering for
6  sale, selling, distributing, and profiting from massive quantities of counterfeit Atari
7  products.  Many of the counterfeit products incorporate exact replicas of the
8  registered ATARI trademark (name and logo) on products in the classes for which
9  the marks are registered.  Other counterfeit products incorporate easily identifiable
10 depictions of the Atari 2600 console and joystick with the distinctive red button. A
11 few examples are depicted below.  Many more are shown in Exhibit 3.

  

  

  

16. In addition, Ooshirts is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating copyrighted works owned by Atari. A few examples are depicted below. Many more are shown in Exhibit 3.

MISSILE COMMAND    ADVENTURE    PONG

  

YARS' REVENGE    BREAKOUT

 

-5-

17. Ooshirts' infringement is knowing and willful, as evidenced by (a) the sheer quantity of different counterfeit designs being sold by Ooshirts, (b) the exact duplication of a variety of iconic Atari designs, and (c) Ooshirts' pattern and practice of infringing upon the intellectual property rights of well-known brands.

18. Ooshirts has profited from its unauthorized use of Atari's intellectual property through the sale of the infringing goods, and Ooshirts' infringement has harmed Atari by cheapening and diluting the Atari brand, diverting profits from the sale of authentic Atari goods, and causing Atari to lose profits and licensing fees from the authorized use of its intellectual property.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement and Counterfeiting)

19. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

20. Atari is the owner of the registered ATARI and PONG trademarks for the categories of goods on which Ooshirts is using the trademarks, as well as registered trademarks for the MISSILE COMMAND, BREAKOUT, and YARS' REVENGE names (collectively, the "Atari Trademarks").

21. The Atari Trademarks are valid, protectable marks.

22. Ooshirts is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Atari Trademarks or nearly identical variations thereof.

23. Ooshirts' use of the Atari Trademarks is likely to cause confusion among ordinary purchasers as to the source of the goods.

24. Atari has never consented to Ooshirts' use of its trademarks.

25. Ooshirts infringed upon the Atari Trademarks and engaged in trademark counterfeiting willfully.

26. As a proximate result of the unfair advantage accruing to Ooshirts from using confusingly similar marks and deceptively trading on Atari's goodwill,

Ooshirts has made substantial sales and profits in amounts to be established according to proof.

27. As a proximate result of the unfair advantage accruing to Ooshirts from using similar or quasi-similar marks and deceptively trading on Atari's goodwill, Atari has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

28. Unless restrained by the Court, Ooshirts will continue to infringe Atari's trademarks. Pecuniary compensation alone will not afford Atari adequate relief for the damage to its trademarks and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Ooshirts and their purported goods.

29. Ooshirts' acts were committed, and continue to be committed, with actual notice of Atari's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Atari and its products. Pursuant to 15 U.S.C. section 1117, Atari is therefore entitled to recover three times its actual damages or three times Ooshirts' profits, whichever is greater, together with its attorneys' fees. Atari is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Ooshirts' possession.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

30. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

31. Atari has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and privileges in and to the original expression in the following copyrighted works that have been

duly registered with the U.S. Copyright Office: *Pong*, *Missile Command*, *Adventure*, *Breakout*, and *Yars' Revenge*.

32. Ooshirts had access to Atari's copyrighted works as established by, among other things, (a) the widespread availability of pictures of Atari-made or Atari-licensed products incorporating those copyrighted works, (b) the fact that Atari's copyrighted games are well known in the industry and in the public, (c) the striking similarity between the expression used on the infringing goods and the expression in Atari's copyrighted works, and (d) the fact that Ooshirts affirmatively advertises the infringing goods through the use of the Atari trade name.

33. Ooshirts infringed Atari's copyrights by advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating protectable expression taken from Atari's copyrighted works without Atari's permission.

34. Ooshirts infringed Atari's copyrights willfully.

35. Atari is entitled to actual damages and Ooshirts' profits, in an amount to be proven at trial.

36. Alternatively, Atari is entitled to statutory damages in an amount no less than $150,000 per copyright.

37. Ooshirts' acts have caused and will continue to cause irreparable harm to Atari unless restrained by this Court. Atari has no adequate remedy at law. Accordingly, Atari is entitled to an order enjoining and restraining Ooshirts and all those acting in concert with Ooshirts, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling copies or substantially similar copies of Atari's copyrighted works.

### THIRD CLAIM FOR RELIEF
**(Trademark Dilution)**

38. Atari re-alleges and incorporates herein by reference each and every

allegation set forth above.

39. The ATARI and PONG trademarks are widely recognized by the general consuming public of the United States.

40. Ooshirts' unauthorized use of the ATARI and PONG trademarks has the effect of tarnishing and blurring Atari's authentic trademark.

41. Atari is entitled to recover damages and/or Ooshirts' profits in an amount to be determined at trial.

42. Atari is entitled to an order preliminarily and permanently enjoining Ooshirts from using its trademarks in the future.

43. Because Ooshirts has willfully intended to cause dilution of Atari's trademarks, Atari is further entitled to recover its costs of suit and reasonable attorney's fees pursuant to 15 U.S.C. sections 1117 and 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin)

44. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

45. The Atari Trademarks, as well as the overall look and feel of Atari's 2600 console and joystick (the "2600 trade dress"), are inherently distinctive and have also acquired secondary meaning through extensive promotion and sales, over unsolicited press, and word of mouth for over four decades.

46. Ooshirts is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the Atari Trademarks and the 2600 trade dress or nearly identical variations thereof.

47. Ooshirts' use of the Atari Trademarks and the 2600 trade dress is likely to cause confusion among ordinary purchasers as to the source of the goods.

48. Atari has never consented to Ooshirts' use of its trademarks or trade dress.

49. Ooshirts infringed upon Atari's trademarks and trade dress willfully.

50. As a proximate result of the unfair advantage accruing to Ooshirts from using similar or quasi-similar marks and trade dress and deceptively trading on Atari's goodwill, Ooshirts has made substantial sales and profits in amounts to be established according to proof.

51. As a proximate result of the unfair advantage accruing to Ooshirts from using confusingly similar marks and trade dress and deceptively trading on Atari's goodwill, Atari has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

52. Unless restrained by the Court, Ooshirts will continue to infringe Atari's trademarks and trade dress. Pecuniary compensation alone will not afford Atari adequate relief for the damage to its trademarks, trade dress, and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Ooshirts and their purported goods.

53. Ooshirts' acts were committed, and continue to be committed, with actual notice of Atari's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Atari and its products. Pursuant to 15 U.S.C. section 1117, Atari is therefore entitled to recover three times its actual damages or three times Ooshirts' profits, whichever is greater, together with its attorneys' fees. Atari is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Atari is entitled to an order requiring destruction of all infringing products and promotional materials in Ooshirts' possession.

## FIFTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

54. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

55. Ooshirts' unauthorized use of Atari's trademarks and trade dress is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Ooshirts' products.

56. Atari has been, and will continue to be, damaged and irreparably harmed by the actions of Ooshirts unless Ooshirts is enjoined by this Court.

57. Atari is entitled to recover damages and/or Ooshirts' profits in an amount to be determined at trial.

58. Atari is informed and believes, and thereon alleges, that Ooshirts committed the foregoing acts with the intention of depriving Atari of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Atari's rights. Atari is therefore entitled to an award of exemplary and punitive damages, according to proof.

## SIXTH CLAIM FOR RELIEF

(Contributory Trademark Infringement and Counterfeiting)

59. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

60. Ooshirts has been and continues to be aware of – and has been and continues to contribute to – the infringement of Atari's trademarks and the use of counterfeit Atari products on its site.  The infringing and counterfeit products are prominently displayed and promoted on Ooshirts' website.  Ooshirts' website is configured so that a search for "Atari" or other Atari trade names will lead directly to the infringing and counterfeit goods.  Ooshirts creates and distributes the infringing and counterfeit goods to the end consumer and facilitates the financial transactions.

61. Alternatively, Ooshirts has remained willfully blind to the infringement and/or counterfeiting of Atari trademarks on its website and on the products it creates and distributes to the end consumer.

62. Atari has been damaged by and Ooshirts has profited from Ooshirts'

contributory trademark infringement and counterfeiting.

63. To remedy Ooshirts' contributory trademark infringement, Atari is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

**SEVENTH CLAIM FOR RELIEF**

(Contributory Copyright Infringement)

64. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

65. Ooshirts has been and continues to be aware of – and has been and continues to contribute to – the infringement of Atari's copyrights on its site. The infringing products are prominently displayed and promoted on Ooshirts' website. Ooshirts' website is configured so that a search for "Atari" or other Atari trade names will lead directly to the infringing goods. Ooshirts creates and distributes the infringing goods to the end consumer and facilitates the financial transactions.

66. Alternatively, Ooshirts has remained willfully blind to the infringement of Atari copyrights on its website and on the products it creates and distributes to the end consumer.

67. Atari has been damaged by and Ooshirts has profited from Ooshirts' contributory copyright infringement.

68. To remedy Ooshirts' contributory copyright infringement, Atari is entitled to all of the remedies set forth above for direct copyright infringement.

**EIGHTH CLAIM FOR RELIEF**

(Vicarious Trademark Infringement and Counterfeiting)

69. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

70. Ooshirts and the third parties who design and upload the infringing designs are in an apparent or actual partnership, have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control

over the infringing products.  Ooshirts is thus vicariously liable for the trademark infringement and counterfeiting of the third parties who design and upload the infringing designs onto the Ooshirts site.

71. Atari has been damaged by and Ooshirts has profited from Ooshirts' vicarious trademark infringement and counterfeiting.

72. To remedy Ooshirts' vicarious trademark infringement and counterfeiting, Atari is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

### NINTH CLAIM FOR RELIEF

(Vicarious Copyright Infringement)

73. Atari re-alleges and incorporates herein by reference each and every allegation set forth above.

74. Ooshirts enjoys a direct financial benefit from the copyright infringement on its website.  Ooshirts gets paid a percentage of every sale of every product displayed on the site.  The availability of the infringing goods also draws customers to the site, which causes Ooshirts to make money both through the sale of the infringing goods and through the sale of all goods displayed on its site.

75. Ooshirts has the legal right to stop or limit the copyright infringement on its website and the practical ability to do so.  Ooshirts has the ability and means to monitor its site for infringing designs and the right to remove them.

76. Atari has been damaged by and Ooshirts has profited from Ooshirts' vicarious copyright infringement.  To remedy Ooshirts' vicarious copyright infringement, Atari is entitled to all of the remedies set forth above for direct copyright infringement.

### PRAYER FOR RELIEF

WHEREFORE, Atari prays for relief against Ooshirts as follows:

1. For preliminary and permanent injunctions enjoining and restraining

-13-

Ooshirts, its agents, employees, representatives, partners, joint venturers, and anyone acting on behalf of, or in concert with Ooshirts, from:

    a.   designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates designs substantially similar to Atari's copyrighted works;

    b.   designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates or is marketed in conjunction any Atari trademark or trade dress;

    c.   representing or implying, directly or indirectly, to retailers, customers, distributors, licensees, or any other customers or potential customers of Ooshirts' products that Ooshirts' products originate with or are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with, Atari;

2. For an order requiring the destruction of all of Ooshirts' infringing products and all marketing, advertising, or promotional materials depicting Ooshirts' infringing products;

3. For an accounting of all profits obtained by Ooshirts from sales of the infringing products and an order that Ooshirts hold all such profits in a constructive trust for the benefit of Atari;

4. For an award to Atari of all profits earned by Ooshirts from their infringing acts;

5. For compensatory damages according to proof;

6. For statutory damages of no less than $150,000 per registered copyright and no less than $2 million per registered trademark;

7. For pre-judgment interest on all damages awarded by this Court;

8. For reasonable attorney's fees and costs of suit incurred herein; and

9. For such other and further relief as the Court deems just and proper.

Dated: January 15, 2019

BROWNE GEORGE ROSS LLP
  Keith J. Wesley
  Eric C. Lauritsen


By:   s/ Keith J. Wesley
        Keith J. Wesley

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

# DEMAND FOR JURY TRIAL

Atari hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: January 15, 2019

BROWNE GEORGE ROSS LLP
Keith J. Wesley
Eric C. Lauritsen

By:   s/ Keith J. Wesley
            Keith J. Wesley
Attorneys for Plaintiff
ATARI INTERACTIVE, INC.