CHRIS K. RIDDER (SBN 218691)
Email: chris@rcjlawgroup.com
BENJAMIN A. COSTA (SBN 245953)
Email: ben@rcjlawgroup.com
**RIDDER, COSTA & JOHNSTONE LLP**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975
Attorneys for Defendant
OOSHIRTS, INC.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br>    Plaintiff,<br><br>v.<br><br>OOSHIRTS, INC.,<br>    Defendant. | Case No. 3:19-cv-00264-JST<br><br>ANSWER TO PLAINTIFF'S COMPLAINT, FILED BY DEFENDANT OOSHIRTS, INC.<br><br>DEMAND FOR JURY TRIAL<br><br>Complaint Filed: January 15, 2019 |

Defendant ooShirts, Inc. ("ooShirts" or "Defendant"), hereby answers the Complaint filed by Plaintiff Atari Interactive, Inc. ("Atari" or "Plaintiff"), as follows:

## PARTIES

1. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

2. ooShirts admits that it is a California corporation with its principal place of business in Fremont, California.

## JURISDICTION AND VENUE

3. ooShirts admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. The remainder of the allegations in this Paragraph of the Complaint contain legal conclusions to which no response is required.

4. ooShirts admits that venue is proper in this district under 28 U.S.C. § 1391, because ooShirts is subject to personal jurisdiction here. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint concerning Atari's injury, and on that basis denies those allegations contained in this Paragraph.

5. ooShirts admits that its principal place of business is in California and within the Northern District and that this Court has personal jurisdiction over ooShirts. Except as so admitted, ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

## GENERAL ALLEGATIONS

6. ooShirts denies that Plaintiff Atari was founded in California in the 1970s. ooShirts denies that Plaintiff Atari was a pioneer in the video game industry during the 1970s and 1980s. ooShirts denies that Plaintiff Atari was involved in the development or release of the Atari 2600, or the development or release of any of the video games associated with the Atari 2600 or listed in this Paragraph of the Complaint. Rather, ooShirts is informed and believes that Plaintiff Atari is merely the latest purported assignee of certain intellectual property rights that once purportedly belonged to Nolan Bushnell's Atari Inc., which ceased operation in 1984.

ooShirts lacks sufficient information to answer the remaining allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

7. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

8. ooShirts denies that Plaintiff Atari has continued to market, promote, license, and sell products, including a catalog of more than 200 well-known games, worldwide under the Atari name and logo for over four decades. ooShirts is informed and believes that Plaintiff Atari purports to have taken control of certain Atari Inc.-related intellectual property only in the year 2000. Except as so denied, ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

9. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

10. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

11. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

12. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

13. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint, and its subsections, and on that basis denies the allegations contained in this Paragraph and its subsections.

14. ooShirts admits that it operates the website teechip.com, through which visitors may upload designs for printing on apparel and other merchandise. ooShirts denies the remaining allegations in this Paragraph of the Complaint.

15. ooShirts denies the allegations in this Paragraph of the Complaint.

16. ooShirts denies the allegations in this Paragraph of the Complaint.

17. ooShirts denies the allegations in this Paragraph of the Complaint.

18. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting)

19. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

20. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

21. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

22. ooShirts denies the allegations in this Paragraph of the Complaint.

23. ooShirts denies the allegations in this Paragraph of the Complaint.

24. ooShirts denies the allegations in this Paragraph of the Complaint.

25. ooShirts denies the allegations in this Paragraph of the Complaint.

26. ooShirts denies the allegations in this Paragraph of the Complaint.

27. ooShirts denies the allegations in this Paragraph of the Complaint.

28. ooShirts denies the allegations in this Paragraph of the Complaint.

29. ooShirts denies the allegations in this Paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement)

30. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

31. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

32. ooShirts denies the allegations in this Paragraph of the Complaint.

33. ooShirts denies the allegations in this Paragraph of the Complaint.

34. ooShirts denies the allegations in this Paragraph of the Complaint.

35. ooShirts denies the allegations in this Paragraph of the Complaint.

36. ooShirts denies the allegations in this Paragraph of the Complaint.

37. ooShirts denies the allegations in this Paragraph of the Complaint.

RIDDER, COSTA & JOHNSTONE LLP
SAN FRANCISCO, CALIFORNIA

## THIRD CLAIM FOR RELIEF

### (Trademark Dilution)

38. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

39. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

40. ooShirts denies the allegations in this Paragraph of the Complaint.

41. ooShirts denies the allegations in this Paragraph of the Complaint.

42. ooShirts denies the allegations in this Paragraph of the Complaint.

43. ooShirts denies the allegations in this Paragraph of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin)

44. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

45. ooShirts lacks sufficient information to answer the allegations in this Paragraph of the Complaint and on that basis denies the allegations contained in this Paragraph.

46. ooShirts denies the allegations in this Paragraph of the Complaint.

47. ooShirts denies the allegations in this Paragraph of the Complaint.

48. ooShirts denies the allegations in this Paragraph of the Complaint.

49. ooShirts denies the allegations in this Paragraph of the Complaint.

50. ooShirts denies the allegations in this Paragraph of the Complaint.

51. ooShirts denies the allegations in this Paragraph of the Complaint.

52. ooShirts denies the allegations in this Paragraph of the Complaint.

53. ooShirts denies the allegations in this Paragraph of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

54. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

55. ooShirts denies the allegations in this Paragraph of the Complaint.

56. ooShirts denies the allegations in this Paragraph of the Complaint.

57. ooShirts denies the allegations in this Paragraph of the Complaint.

58. ooShirts denies the allegations in this Paragraph of the Complaint.

## SIXTH CLAIM FOR RELIEF

**(Contributory Trademark Infringement and Counterfeiting)**

59. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

60. ooShirts denies the allegations in this Paragraph of the Complaint.

61. ooShirts denies the allegations in this Paragraph of the Complaint.

62. ooShirts denies the allegations in this Paragraph of the Complaint.

63. ooShirts denies the allegations in this Paragraph of the Complaint.

## SEVENTH CLAIM FOR RELIEF

**(Contributory Copyright Infringement)**

64. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

65. ooShirts denies the allegations in this Paragraph of the Complaint.

66. ooShirts denies the allegations in this Paragraph of the Complaint.

67. ooShirts denies the allegations in this Paragraph of the Complaint.

68. ooShirts denies the allegations in this Paragraph of the Complaint.

## EIGHTH CLAIM FOR RELIEF

**(Vicarious Trademark Infringement and Counterfeiting)**

69. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

70. ooShirts denies the allegations in this Paragraph of the Complaint.

71. ooShirts denies the allegations in this Paragraph of the Complaint.

72. ooShirts denies the allegations in this Paragraph of the Complaint.

## NINTH CLAIM FOR RELIEF

**(Vicarious Copyright Infringement)**

73. ooShirts incorporates by reference its responses to the Paragraphs set forth above.

74. ooShirts admits that it receives a service fee when a third party sells a product through the teechip.com platform. ooShirts denies the remaining allegations in this Paragraph of the Complaint.

75. ooShirts denies the allegations in this Paragraph of the Complaint.

76. ooShirts denies the allegations in this Paragraph of the Complaint.

**AFFIRMATIVE DEFENSES**

77. In further answer to the Complaint, Defendant ooShirts asserts the following affirmative defenses. By alleging the affirmative defenses below, ooShirts intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Atari is entitled to any relief whatsoever. ooShirts reserves the right to raise additional defenses as they become known to it through discovery or investigation.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

78. The Complaint, and each cause of action therein, fails to state facts sufficient to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Provide Notice)**

79. Atari's claims are barred, in whole or in part, because Atari failed to provide proper notice of the alleged infringement.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Knowledge of Specific Infringement)**

80. Atari's claims are barred, in whole or in part, because ooShirts lacked actual, specific, and/or contemporary knowledge of the alleged infringement.

**FOURTH AFFIRMATIVE DEFENSE**

**(Online Copyright Infringement Liability Limitation Act)**

81. Atari's copyright infringement claims are barred, in whole or in part, by 17 U.S.C. Section 512(c).

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Trademark Use)

82. Atari's Lanham Act and unfair competition claims are barred, in whole or in part, because to the extent the allegedly infringing uses of Atari's asserted trademark(s) featured valid and subsisting trademarks, the uses of those trademarks were not trademark uses.

## SIXTH AFFIRMATIVE DEFENSE

### (Ornamental Use)

83. Atari's Lanham Act and unfair competition claims are barred, in whole or in part, because at least certain of the allegedly infringing uses of Atari's asserted trademark(s) were merely ornamental in nature.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

84. Atari's claims are barred, in whole or in part, because the allegedly infringing uses of Atari's asserted trademark(s) and/or copyright(s) were fair uses.

## EIGHTH AFFIRMATIVE DEFENSE

### (Protected Speech)

85. Atari's claims are barred, in whole or in part, because the allegedly infringing uses of Atari's asserted trademark(s) and/or copyright(s) were protected speech under the First Amendment of the United States Constitution and the California Constitution.

## NINETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

86. Atari's claims are barred, in whole or in part, because Atari failed to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

87. Atari's claims are barred, in whole or in part, under the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Laches/Statute of Limitations)

88. Atari's claims are barred, in whole or in part, under the doctrine of laches and/or the relevant statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, Estoppel)

89. Atari's claims are barred, in whole or in part, under the equitable doctrines of waiver, acquiescence, and/or estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Misuse)

90. Atari's claims are barred, in whole or in part, because Atari has misused its asserted trademark(s) and/or copyright(s) by enforcing and/or attempting to enforce them beyond their lawful scope.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

91. Atari's claims are barred, in whole or in part, because the actions complained of, to the extent they occurred, were the result of the conduct of third parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Unilateral Proactive Conduct)

92. Atari's claims are barred, in whole or in part, because ooShirts has implemented reasonable screening procedures to identify and remove potentially infringing items.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Steps)

93. Atari's claims are barred, in whole or in part, because ooShirts has taken reasonable steps to remove allegedly infringing items from its website expeditiously after being made aware of such alleged infringement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

94. Atari's Lanham Act and unfair competition claims are barred, in whole or in part, because Atari has abandoned the trademark(s) asserted in its Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Prior Use)

95. Atari's claims are barred, in whole or in part, because of prior use and/or registration by a third party.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

96. Atari's claims are barred, in whole or in part, because to grant Atari relief would unjustly enrich Atari.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Valid Copyright Registrations)

97. Atari's claims are barred, in whole or in part, because Atari does not have valid copyright registration certificates for the works alleged in the Complaint to be infringed. *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 586 U.S. ___ (2019) (a registration certificate must be obtained before a lawsuit can be filed).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Limited)

98. ooShirts' actions were innocent and/or non-willful in nature. Even if Atari could satisfy the requirements for proving willful infringement, any damages awarded must be reasonable in terms of the following guideposts set forth by the United States Supreme Court in *BMW of North America, Inc. v. Ira Gore, Jr.*, 517 U.S. 559 (1996): (1) the degree of reprehensibility of the Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Indemnification)

99. If any liability exists on ooShirts' part, such liability is to be completely indemnified by individual parties other than ooShirts.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

100. Atari's claims are barred, in whole or in part, because the alleged conduct by ooShirts did not and does not result in confusion with any of Atari's purported trademarks.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Innocent Infringement and Good Faith)

101. To the extent that Atari's asserted trademark(s) and/or copyright(s) were infringed, ooShirts acted in good faith, innocent of any knowledge or intent to infringe Atari's rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Atari should be correspondingly reduced.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Consent, License)

102. Atari's claims are barred, in whole or in part, and recovery is barred or limited by the doctrine of consent or license.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

103. Atari's claims are barred, in whole or in part, because Plaintiff Atari is not the author and/or owner of the trademarks or copyrights referenced in the Complaint and thus lacks standing to sue.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Innocent Printer)

104. Atari may not recover damages on any of its Lanham Act claims due to 15 U.S.C. § 1114(2)(A).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Obligation to Search for Infringing Items)

105. Atari's claims are barred, in whole or in part, because ooShirts had no obligation to search for potentially infringing items on any website at issue in this action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

106. Atari's claims are barred because it failed to join indispensable parties.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Section 230 of the Communications Decency Act)

107. The claims made by Atari in the Complaint are barred, in whole or in part, by 47 U.S.C. § 230.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Non-liable Intermediary)

108. The claims made by Atari in the Complaint are barred, in whole or in part, by doctrines holding intermediaries non-liable for the acts of their users, including *Tiffany, Inc. v. eBay, Inc*., 600 F.3d 93 (2nd Cir. 2010) and *Religious Tech. Ctr. v. Netcom On-Line Comm. Servs., Inc*., 907 F. Supp. 1361 (N.D. Cal. 1995).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Ownership)

109. Atari's claims are barred, in whole or in part, because it does not own the trademarks and copyrights it claims to own.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Invalidity or Unenforceability)

110. Atari's claims are barred, in whole or in part, because is trademarks and/or copyright are invalid and/or unenforceable.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Non-infringement)

111.    Atari's claims are barred, in whole or in part, because the content or items in the complaint alleged to be infringing, are not infringing.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Apportionment)

112.    To the extent that ooShirts were to be found legally responsible, any damages awarded to Atari are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties who contributed to and/or caused the damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

113.    ooShirts alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation, or analysis indicate they are proper.

## **PRAYER FOR RELIEF**

WHEREFORE, ooShirts requests entry of judgment in its favor and against Atari on Atari's Complaint as follows:

1. Directing that Atari take nothing by way of its Complaint and dismissing Atari's Complaint with prejudice;

2. Declaring that Atari's asserted trademark(s) and/or copyright(s) are unenforceable and/or not infringed by ooShirts;

3. Awarding ooShirts its costs of suit, including reasonable attorneys' fees; and

4. Granting any and all other relief that the Court deems just and proper.

Dated: March 25, 2019

By:   /s/ Chris K/ Ridder
CHRIS K. RIDDER (SBN 218691)
Email: chris@rcjlawgroup.com
BENJAMIN A. COSTA (SBN 245953)
Email: ben@rcjlawgroup.com
**RIDDER, COSTA & JOHNSTONE LLP**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975

Attorneys for Defendant OOSHIRTS, INC.

## DEMAND FOR JURY TRIAL

ooShirts hereby demands trial by jury on all issues in the Complaint triable by a jury pursuant to Fed. R. Civ. P. 38.

Dated: March 25, 2019

By: /s/ Chris K/ Ridder
CHRIS K. RIDDER (SBN 218691)
Email: chris@rcjlawgroup.com
BENJAMIN A. COSTA (SBN 245953)
Email: ben@rcjlawgroup.com
**RIDDER, COSTA & JOHNSTONE LLP**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975

Attorneys for Defendant OOSHIRTS, INC.

# DECLARATION OF SERVICE

I, Benjamin A. Costa, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 12 Geary Street, Suite 701, San Francisco, CA 94108. Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Defendant ooShirts Inc. and that on this 25th day of March, 2019, I caused this ANSWER TO PLAINTIFF'S COMPLAINT, FILED BY DEFENDANT OOSHIRTS, INC., to be served by the Court's CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25th day of March, 2019, at San Francisco, California.

**RIDDER, COSTA & JOHNSTONE LLP**
By: ___/s/ Benjamin A. Costa___
Benjamin A. Costa
State Bar No. 245953
**RIDDER, COSTA & JOHNSTONE LLP**
12 Geary Street
Suite 701
San Francisco, CA 94108

Attorneys for Defendant ooShirts, Inc.