BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Eric C. Lauritsen (State Bar No. 301219)
  elauritsen@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

RIDDER, COSTA & JOHNSTONE LLP
Chris K. Ridder (State Bar No. 218691)
  chris@rcjlawgroup.com
Benjamin J. Costa (State Bar No. 245953)
  ben@rcjlawgroup.com
12 Geary Street, Suite 701
San Francisco, CA 94108
Telephone: (415) 391-3311
Facsimile: (415) 358-4975

Attorneys for Defendant
OOSHIRTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC, <br><br> Plaintiff, <br><br> vs. <br><br> OOSHIRTS, INC, <br><br> Defendant. | Case No. 3:19-cv-00264-JST <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Jon S. Tigar <br> Date: April 17, 2019 <br> Time: 2:00 pm <br> Crtrm.: 9 <br><br> Trial Date: None Set |

Pursuant to this Court's January 28, 2019, Clerk's Notice Setting Case Management Conference, Dkt. No. 15, and following the conference of counsel on March 27, 2019, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, all parties herein, through their respective counsel, respectfully submit the following joint statement in advance of the April 17, 2019, case management conference.

### 1. Jurisdiction and Service.

All parties agree that this Court has federal question jurisdiction and supplemental jurisdiction over the subject matter of this action, and personal jurisdiction over all parties. All parties likewise agree that defendant ooShirts, Inc., ("Defendant") has been properly served. There are no issues related to venue and there are no defendants remaining to be served.

### 2. Facts.

#### A. Plaintiffs' Summary of the Facts

Plaintiff Atari Interactive, Inc. ("Plaintiff" or "Atari") is one of the most famous video game brands in history. Founded in the early 1970s in California, Atari became the pioneer in the video game industry during the 1970s and continuing into the 1980s, developing and releasing (a) home video consoles – e.g., the Atari 2600 – that set new standards in design and function, and (b) a series of hit games – e.g., Pong, Breakout, Asteroids, and many others. Atari became known to relevant consumers and the public at large by its inherently distinctive trade name, as well as its inherently distinctive A-shaped or "Fuji" logo design.

Atari has marketed, promoted, licensed, and sold products, including a catalog of more than 200 well-known games, worldwide under the Atari name and logo for over four decades. Atari also has an active licensing business through which Atari has extended its brand into other media, merchandising, and publishing categories. It goes without saying that video gamers – new and old – recognize and

revere Atari's place as a very well-known and iconic pioneer of the video game industry.

Accordingly, the Atari name, logo, and classic video games are valuable intellectual property owned by Atari, and Atari has taken significant steps to protect them from infringement. Atari obtained registrations with the United States Patent and Trademark Office for many of its trademarks and registrations with the United States Copyright Office for many of its copyrights. Through commercial use and contractual agreements with its predecessors-in-interest, Atari is the owner of USPTO Registration No. 4,214,210 for the ATARI name and logo used in connection with, among other things, "printed matter, namely posters, stickers" and "articles of clothing"; and Atari is the owner of USPTO Registration No. 4,324,638 for the PONG name used in connection with, among other things "printed matter, namely posters, stickers" and "articles of clothing."

Through contractual agreements with its predecessors-in-interest, Atari is also the owner of multiple copyright registrations for, among others, the following video games, including the visual elements thereof: *Pong*, *Breakout*, *Missile Command*, *Adventure*, and *Yars' Revenge*. Through extensive and continuous promotion and sales, unsolicited press, and word of mouth, Atari also owns common law rights in various trademarks and trade dress, including the Atari name and logo, the *Pong*, *Breakout*, *Missile Command*, *Adventure*, and *Yars' Revenge* names and graphics, and the overall look and feel of the Atari 2600 game console and joystick.

Atari understands and believes that Defendant operates an online marketplace through their website, www.teechip.com, where visitors can upload designs that Defendant then display on a variety of apparel – from t-shirts to phone cases to stickers – pictured on the site. Defendant offers for sale the products on display. If a visitor to the site orders a product, Defendant makes, ships, and processes the payment for the product. Defendant then splits the profits with the person who originally uploaded the design.

As part of its intellectual property enforcement efforts, Atari discovered that Defendant was advertising, marketing, creating, displaying, and offering for sale a variety of counterfeit Atari products. Many of the counterfeit products incorporated exact replicas of the registered ATARI trademark (name and logo) on products in the classes for which the marks are registered. Other counterfeit products incorporated easily identifiable depictions of the Atari 2600 joystick with the distinctive red button, or designs from Atari's copyrighted video games.

Atari thus sued Defendant for trademark infringement, counterfeiting, copyright infringement, trademark dilution, false designation of origin, unfair competition, contributory trademark infringement, contributory copyright infringement, vicarious trademark infringement, and vicarious copyright infringement. Atari seeks actual damages, Defendant's wrongful gain, statutory damages, treble damages, punitive damages, attorney's fees and costs, and permanent injunctive relief.

### B.    Defendant's Summary of the Facts

Defendant is in the business of operating an online print-on-demand platform through which third-party sellers may submit designs (including text and images), and advertise and sell products on which those designs may be printed. Defendant employs numerous screening methods in an effort to ensure that the designs uploaded by third-parties do not infringe upon the intellectual property rights of others. Additionally, Defendant complies with the Digital Millennium Copyright Act and works with intellectual property owners to ensure that intellectual property owners may expeditiously have infringing items removed from Defendant's online platform.

Defendant denies that it engaged in any actionable infringement or unfair business practice in connection with Plaintiff's alleged intellectual property. Defendant further contends that if any infringement occurred, Defendant acted in

good faith, innocent of any knowledge or intent to infringe Plaintiff's rights.

Defendant was not aware of the allegedly infringing content on its website, and Atari provided no prior notice of its claims, until this lawsuit was filed. As soon as ooShirts learned about Atari's claims, it expeditiously conducted an investigation and removed the allegedly infringing content it could find. This investigation also revealed that the number of potentially-infringing Atari-related products sold through its platform – even over a period of many years – was *de minimis*. Atari is aware of this information, but is continuing to press this case, apparently seeing the prospect of statutory damages coupled with unsupported allegations of willfulness as a potential windfall.

3. **Legal Issues.**

   A. **Summary of the Key Legal Issues**

   At this early stage, the parties anticipate the key legal issues will be the following:

   - Does Atari own valid trademarks and copyrights?
   - Did Defendant infringe upon any of Atari's trademarks and copyrights?
   - Were the allegedly infringing uses in fact legally permissible?
   - Did Defendant use Plaintiff's purported marks in commerce?
   - Is Defendant immune from liability or damages, in whole or in part, pursuant to 17 U.S.C. § 512, 47 U.S.C. § 230, 15 U.S.C. § 1114(2)(A), or otherwise, because of its intermediary status?
   - Is Defendant required to proactively police its platform for possibly-infringing uses? If there is such a requirement, does it apply where Defendant had no prior notice of Plaintiff's intellectual property or of purportedly infringing content on the site?
   - Did Defendant infringe willfully and/or with malice, fraud, or reckless disregard for Atari's rights?

- What amount of damages – whether actual damages, wrongful profits, statutory damages, and/or punitive damages – if any – should be awarded to Atari?
- Is any party entitled to attorney's fees and costs, and, if so in what amount?
- Is Atari entitled to permanent injunctive relief, and, if so, in what form?

## 4. Motions.

There has previously been an administrative motion filed in this case to relate it to the actions identified in item 10 below. This motion was granted. The parties anticipate they will file motions for summary judgment or partial summary judgment at an appropriate time in the future.

## 5. Amendment of Pleadings.

At this time, no party anticipates amending the pleadings. To the extent Atari discovers, through the discovery process or its own further investigation, additional trademarks or copyrights that it believes Defendant infringed or additional persons or entities responsible for the alleged infringement, then Atari will likely seek to amend the complaint to include those additional trademarks or copyrights or defendants at that time.

## 6. Evidence Preservation.

The parties have reviewed the ESI Guidelines and confirm that they have met and conferred regarding reasonable and proportionate steps taken to preserve evidence reasonably relevant to the issues in this action. Most significantly, Defendant has represented that it will preserve pictures and/or other suitable records of all products offered for sale on its website relevant to this dispute at least as far back as December, 2017. Prior to that time, Defendant's TeeChip platform was

based on a different infrastructure and some possibly-relevant data was lost during transition to the current system, and/or would be unduly costly or burdensome to recover. Defendant is preserving relevant data from the legacy system that was not lost during the transition. Defendant has a practice of destroying screens and other materials used in printing, and Plaintiff has no objection to this practice provided that Defendant preserves pictures and other suitable records related to relevant TeeChip campaigns.

**7. Disclosures.**

The parties have agreed to exchange initial disclosures on or before April 10, 2019.

**8. Discovery.**

The parties have discussed the discovery they anticipate serving.  Initially, the parties have agreed to hold formal discovery in abeyance and instead voluntarily exchange limited information helpful for the parties to engage in an early fruitful mediation in furtherance of possible settlement.  The parties anticipate completing mediation before June 30, 2019. If mediation proves unsuccessful, then each side anticipates noticing depositions of Rule 30(b)(6) representatives and serving written discovery in the form of document demands and perhaps interrogatories or requests for admissions.  The parties may notice additional depositions – e.g., depositions of witnesses disclosed in initial disclosures – but require additional information before determining the scope of those additional depositions.  The parties contemplate entering into a stipulated protective order protecting certain confidential and commercially sensitive information that may be disclosed in discovery.  Counsel have, to date, worked collaboratively and professionally together, and they will endeavor to do so throughout the discovery process so as to avoid unnecessary motion practice.

9. **Class Actions.**

This is not a class action.

10. **Related Cases.**

This case is related to three other cases currently pending before this Court: *Atari v. SunFrog*, *Atari v. Redbubble*, and *Atari v. TP Apparel et al*.

11. **Relief.**

Atari seeks actual damages, Defendant's wrongful gain, statutory damages, treble damages, punitive damages, attorney's fees and costs, and permanent injunctive relief. The amount of actual damages and wrongful gain requires additional discovery. To remedy trademark counterfeiting, Title 15, U.S.C. section 1117(c) provides for $1,000 to $200,000 in damages per counterfeit mark infringed for non-willful infringement, and up to $2 million in damages per counterfeit mark infringed for willful infringement. To remedy copyright infringement, Title 17, U.S.C. section 504 provides for $750 to $30,000 in damages per copyright infringed for non-willful infringement, and up to $150,000 in damages per copyright infringed for willful infringement.

12. **Settlement and ADR.**

The parties have agreed to mediation with a private mediator as their preferred form of ADR. The parties have engaged in some informal settlement discussions and intend to continue doing so in the near term.

13. **Consent to Magistrate Judge for all Purposes.**

The parties have not consented to a Magistrate Judge for all purposes.

**14.     Other References.**

The parties do not believe any other references are appropriate at this time.

**15.     Narrowing of Issues.**

The parties believe that the issues may be narrowed via motions for summary judgment.  Other than that, the parties are not currently aware of issues that can be narrowed by agreement or by motion, do not have suggestions to expedite the presentation of evidence at trial, and do not intend to request bifurcation.

**16.     Expedited Trial Procedure.**

The parties do not believe this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.     Scheduling**

The parties jointly proposed the following schedule:

Trial:  August 24, 2020

Pretrial Conference:  July 31, 2020

Last Day to Hear Dispositive Motions:  May 28, 2020

Discovery Cutoff:  April 28, 2020

Last Day to Designate Experts:  March 2, 2020

Last Day to Designate Rebuttal Experts:  April 2, 2020

**18.     Trial.**

Plaintiff has demanded a jury.  The parties expect a 5-7 day trial.

**19.     Disclosure of Non-Party Interested Entities or Persons.**

The parties have filed their Certification of Interested Entities or Persons required by Civil Local Rule 3-16.  Plaintiff submits that the only applicable entity

required to be disclosed is Atari Interactive, Inc. Defendant submits that the only applicable disclosure for it is ooShirts, Inc., and Raymond Lei, its President.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully Submitted:

DATED: April 10, 2019              BROWNE GEORGE ROSS LLP
                                   Keith J. Wesley
                                   Eric C. Lauritsen


                                   By:   */s/ Keith J. Wesley*
                                          Keith J. Wesley
                                   Attorneys for Plaintiff
                                   ATARI INTERACTIVE, INC.

DATED: April 10, 2019              RIDDER, COSTA AND JOHNSTONE LLP
                                   Chris K. Ridder
                                   Benjamin A. Costa


                                   By:   */s/ Chris K. Ridder*
                                          Chris K. Ridder
                                   Attorneys for Defendant
                                   OOSHIRTS, INC.