Keith G. Adams – 240497
    KAdams@mpbf.com
Thomas F. Mazzucco – 306681
    TFMazzucco@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 S. Hope Street, Suite 650
Los Angeles, CA  90071
Telephone:     (213) 327-3500
Facsimile:     (213) 627-2445

Attorneys for Defendant
OOSHIRTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OOSHIRTS, INC.,<br><br>Defendant. | Case No.: 4:19-CV-00264-JST<br>[Related to Case Nos. 3:18-cv-03843-JST; 3:18-cv-04115; 4:18-cv-04949-JST; 4:18-cv-03451-JST<br><br>Judge: Hon. Jon S. Tigar<br><br>**DECLARATION OF KEITH G. ADAMS IN SUPPORT OF THIRD STIPULATED REQUEST TO EXTEND CASE MANAGEMENT SCHEDULE**<br><br>Complaint Filed:     January 15, 2019<br>FPTC:                      December 11, 2020<br><br>Trial Date:               January 11, 2021 |

I, Keith G. Adams, declare that:

1.      I am an attorney duly licensed to practice in all courts of the State of California and before this Court, and am an attorney with the law firm of Murphy, Pearson, Bradley & Feeney ("MPBF"), attorneys for defendant ooShirts, Inc. herein.  I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto

2.      I have been an attorney for over a decade, and have extensive experience in copyright/trademark practice, including trial and appellate practice. I tried the case *Greg Young Publishing, Inc. v. Zazzle Inc.*, Case No. 2:16-CV-04587-SVW-KS, which involved allegations of copyright infringement made against an internet-based print-on-demand company, and I am familiar with the legal and factual issues involved in this type of litigation.

3.      The fact and expert discovery cutoff in this case is currently set for August 10, 2020.

4.      My firm was first contacted about this matter on Monday, August 3, 2020, when we ran a conflicts check. On Wednesday, August 5, 2020, we were asked by ooShirts' insurance carrier to defend this matter.

5.      I have reached out to and spoken with both Kevin Lussier and Kim Ashley, current counsel of record for ooShirts, about the status of this matter, including the various outstanding discovery issues. Upon information and belief, there have been certain developments at the law firm Veatch Carlson, which had employed Mr. Lussier and Ms. Ashley, which resulted in a significant disruption to discovery, which was nearing completion.

6.      On Wednesday, August 5, 2020, we reached out to the law firm Lewis Brisbois Bisgaard & Smith ("LBBS"), who we were informed were in possession of the physical file from Veatch Carlson. We were informed that there were several boxes of physical documents in LBBS' Orange County office. On Thursday, August 6, 2020, we had the file picked up from LBBS and sent to a third-party attorney service to scan in, a task which was completed in the morning of Friday, August 7, 2020.

7.      In addition to the file from LBBS referenced above, we have also received other electronic case materials from client and counsel. However, it has become clear from our review of the materials that a substantial portion of the actual "case file" consists of electronic documents that we

- 1 -

have not yet obtained.

8.      I have had a chance to review some of the pleadings, correspondence, discovery materials and deposition transcripts in this matter. Based on my preliminary review of the materials, I have concerns that the discovery production to date may not be in the most accessible and understandable format for trial and anticipate that ooShirts may need to provide supplemental responses and possible original source electronic documents, which may take some time to assemble. I believe there may have been commitments to produce such documents that have yet to be fulfilled.

9.      Based on my review, my understanding is that there are thousands of images and webpages disclosed in discovery that are not truly at issue in this litigation. I believe it will benefit both the parties and the Court if the parties meet-and-confer to sort through and narrow what is and is not at issue, and possibly provide supplemental discovery responses reflecting such narrowing. This will allow for a more focused presentation at motion practice and/or trial.

10.     From my discussions with various individuals involved, it is my understanding that certain depositions that were scheduled and/or agreed-to have not been taken, including that of plaintiff Atari Interactive, Inc.'s F.R.C.P. 30(b)(6) witness, a pair of other additional individual witnesses, and defendant's retained expert, Doug Bania.

11.     From my review of the correspondence, it appears there was also an ongoing discovery dispute between plaintiff and defendant. I have some ideas for resolving that dispute without the need for Court intervention and/or motion practice, but will need some time to implement those ideas and see if informal resolution is possible.

12.     Based on my preliminary review of the file, I believe the following discovery tasks remain outstanding and to be completed in this matter:

- Completion of depositions previously agreed-to and/or scheduled by the parties;

- Fulfillment of commitments made by counsel with respect to updated or revised document production or discovery responses;

- Resolution of the discovery dispute initiated by Veatch Carlson LLP regarding Atari's discovery responses;

- Assuring that discovery responses and document production are fit and in a format that will be

- 2 -

DECLARATION OF KEITH G. ADAMS IN SUPPORT OF THIRD STIPULATED
REQUEST TO EXTEND CASE MANAGEMENT SCHEDULE

CASE NO.
4:19-CV-00264-JST

presentable for dispositive motion practice and trial; and

- A meet-and-confer with Atari's counsel to identify and narrow what is and is not at issue in this case.

13.     I initially believed, based on my still-ongoing review of the file and discussions with my client, that all of these tasks could have been completed by August 31, 2020. However, counsel for Atari currently has many depositions in another matter scheduled during the month of August and indicated that it would not be possible to complete the depositions within that time frame, and has informed me that they have numerous other obligations that would prevent the completion of discovery during the August 10-August 31, 2020 time frame.

14.     Thus, in light of the circumstances, Atari and ooShirts have agreed to an approximately 11 week extension of the case deadlines.

15.     There have been two previous requests to modify the schedule in this case, which this Court granted. (*See* Dkt. Nos. 37 and 41.)

16.     The effect of the proposed schedule modification is as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact and expert discovery cut-off | August 10, 2020 | October 26, 2020 |
| Deadline to file dispositive motions | September 2, 2020 | November 18, 2020 |
| Pretrial conference statement due | December 4, 2020 | February 19, 2021 |
| Pretrial conference | December 11, 2020 at 1:30 pm | February 26, 2021 at 1:30 pm |
| Trial | January 11, 2021 8:00 a.m. | March 29, 2021 8:00 a.m. |
| Estimate of trial length (in days) | Eight | Eight |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 10th day of August 2020, in Los Angeles, California.

DATED: August 10, 2020

_____
Keith G. Adams

- 3 -